BROOKS HENDERSON v. FREDERICK LANGE and Others.[1]

February 7, 1898.

Nos. 10,816—(283).

**Ejectment—Judgment by Default—Setting Aside—Discretion of Court.**
    *Held,* the court below did not abuse its discretion in granting, on the conditions imposed, a motion to set aside a judgment entered by default for want of an answer, and for leave to answer.

In an action of ejectment in the district court for Carver county, the defendants failed to answer, and judgment was entered by default in favor of plaintiff. From an order afterwards made by Cadwell, J., on the motion of Anna G. Litfin, one of the defendants, setting aside the judgment and granting her leave to answer, the plaintiff appealed. Affirmed.

*A. T. Faber,* for appellant.
While the granting of an order relieving the defendant from default is discretionary, yet the exercise of the discretion must not

1 Reported in 74 N. W. 173.

be capricious or arbitrary, but must be a reasonable one. Forin v. City, 66 Minn. 54. Where no legal excuse is shown for setting aside a judgment this court will reverse the order of the court below granting the relief. When a person is personally served with summons and neglects to appear in person or by attorney he cannot afterwards be relieved from the effects of his own laches. People v. Schlenker, 50 Minn. 1; Noye v. Wheaton, 60 Minn. 117; Sanderson v. Dox, 6 Wis. 164; Edwards v. McKay, 73 Ill. 570. Ignorance of the law is no excuse. Chase v. Swain, 9 Cal. 130; Pierce v. Cole, 17 Tex. 259; State v. Casey, 9 S. D. 436.

*W. C. Odell*, for respondent.

This court will not interfere with the exercise by the court below of its discretion in granting an application to set aside a default, except in cases of its clear abuse. Forin v. City, 66 Minn. 54; People v. Schlenker, 50 Minn. 1.

CANTY, J.[2]

This is an appeal from an order setting aside a judgment by default against the defendant Anna G. Litfin, and giving her leave to answer.

The action is ejectment to recover possession of a farm of 80 acres of land, of the value of $3,000, of which the plaintiff and Litfin each claim to be the owner. The summons was served on Litfin personally, without a copy of the complaint, on August 20, 1896. She did not appear or answer, and, on application to the court, judgment by default was ordered against her on January 26, 1897. Judgment was entered two days later. On February 13, Litfin, by her attorney, served on plaintiff a notice of motion to set aside the judgment and for leave to answer, the motion to be heard at the general term of the court commencing March 1, 1897. The notice was accompanied by affidavits. These contain an affidavit of merits, and show the source of her claim of title, which is prima facie good.

It also appears from them that she is an unmarried woman, 24 years of age, who apparently had no male relatives to advise her what she should do when the summons was served on her. She

[2] BUCK, J., absent.

resided at Watertown, 22 miles from Chaska, the county seat of the county, and there was no attorney residing at Watertown. She sought advice from one Barth, a business man of the village, showed him the summons, and asked him what she should do in the matter.

"Said Barth did not tell her that it was necessary for her to make answer in said action, or to take any steps whatever therein, but gave her to understand that said action would not amount to anything, or in any manner affect affiant or deprive her of any rights."

She had confidence in his ability to advise her what to do. She has always lived in Watertown, was never before in any manner connected with any litigation, and was "wholly unacquainted with proceedings in actions at law." Before the summons was served on her she received a letter from plaintiff's attorney, who resides at Chaska, in which he informed her that plaintiff claimed the land.

"When said summons was served she supposed that the action related to said claim of ownership so made by said plaintiff, but she supposed and believed that in said action the court would inquire as to whether she or said plaintiff was the owner of said premises, and would give judgment in favor of the one in whom the title rested, whether she made answer in said action or not."

She had no knowledge or information of the entry of the judgment against her until about February 4, 1897, and immediately thereafter she proceeded to consult a lawyer as to what course to pursue. It will be observed that the notice of motion was served within nine days thereafter. The motion to set aside the judgment was granted on the following conditions: That she pay plaintiff $10 costs and the clerk's fees up to the time of the motion; that she waive the right to demand a second trial of the action, under section 5845, G. S. 1894; and that she execute to plaintiff a bond in the sum of $400, with sufficient sureties, to be approved by the court, conditioned that she will pay to plaintiff the rental value of the premises to the time of the final determination of the action, and all costs and disbursements, in case plaintiff recovers possession of the premises.

We cannot say that the court abused its discretion in granting this order. The complaint was not served on defendant Litfin, and the summons merely informed her that, if she did not answer the

complaint within 20 days, the plaintiff "will apply to the court for the relief demanded therein." A woman having no knowledge of the ways of business, or the methods of proceeding in actions in court, might well have been misled as she claims she was in this case, and the conditions imposed in the order granting the motion leave the plaintiff in as good a position as he would have been in if she had answered, gone to trial, and he had prevailed on the merits, and a judgment had been entered in his favor. In that case, she would have been entitled to one more trial on the merits, by paying the costs and demanding it, under said section 5845. That one trial is all she is entitled to have under the order appealed from.

Order affirmed.